**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JACOB DUFFEE, | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-2101-L (BK)** |
| | § | |
| LOWE'S HOME CENTERS, INC., | § | |
|     **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred

for screening.   For the reasons that follow, it is recommended that the complaint be dismissed, *sua*

*sponte,* without prejudice for want of jurisdiction.

**I. BACKGROUND**

Plaintiff, a resident of Nacogdoches, Texas, filed a *pro se* civil action, individually and on

behalf of the members of the Texas Association of Disabled Persons, against Lowe's Home

Centers, Inc.   In response to the Court's deficiency order, Plaintiff submitted an *Amended*

*Complaint* abandoning all claims on behalf of the members of the Texas Association of Disabled

Persons.   The Court subsequently granted Plaintiff's request to proceed *in forma pauperis*, but did

not issue process pending preliminary screening.   To inquire about the factual bases for the

complaint, the Court issued two questionnaires, which Plaintiff has answered.

The *Amended Complaint*, as supplemented by the answers to the questionnaires, alleges

that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,*

the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A, and Texas law.   (Doc. 8 at 4-9; Doc.

7, ans. 1.)   Plaintiff, who allegedly suffers from a psychological anxiety disorder, contends that he

has encountered "architectural barriers," at the Lowe's Home Center located on Hampton Road,

Dallas Texas, which discriminate against him as a result of his disability.   (Doc. 8 at 3.)

According to Plaintiff, the following structural barriers prevent him and others from participating

in or benefiting from the goods, services, facilities, privileges, or accommodations provided by

Defendant:

- Toilets in restrooms are more than 18" from stall's sidewalls;

- Faucets in restrooms stay open for less than 10 seconds due to self-closing valves;

- Water fountains protrude more than 4" into passageways;

- Isle markers do not have characters that are at least 3" high;

- In the rug aisle, some of the rugs protrude more than 4" into the aisle;

- Signs and displays project more than 4" into the aisle;

- Signs designating permanent rooms and spaces are mounted less than 60" above the floor;

- Signs marking exists and emergency exits do not comply with federal guidelines;

- Accessible parking spaces lack adjacent access aisles; and

- Tree branches reduce "headroom" to less than 80."

(Doc. 8 at 6; Doc. 7, ans. 5.)   Plaintiff seeks actual or statutory damages, a permanent injunction,

and declaratory relief.   (Doc. 7, ans. 2.)[1]

## II. DISCUSSION

The threshold issue in this case is whether Plaintiff has standing to sue for violations of the

---

1 Contemporaneously with this action, Plaintiff filed seven other civil actions alleging similar claims of discrimination under the ADA and Texas law.

ADA and its Texas counterpart, Tex. Hum. Res. Code § 121.001, et seq.[2]   Article III of the United

States Constitution limits federal courts' jurisdiction to "cases" and "controversies."   U.S. Const.

Art. III § 2.   Standing -- the requirement that the plaintiff has a direct, personal stake in the

outcome of the suit -- is an "essential and unchanging part of the case-or-controversy requirement

of Article III."   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   "The federal courts are

under an independent obligation to examine their own jurisdiction, and standing is perhaps the

most important of [the jurisdictional] doctrines."   *United States v. Hays*, 515 U.S. 737, 742

(1995); *see also Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 496 n. 1 (5th Cir. 2007)

(standing is a jurisdictional requirement and is not subject to waiver).

To satisfy standing, a plaintiff must establish that "he has suffered 'injury in fact,' that the

injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be

redressed by a favorable decision."   *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (cited cases

omitted).   An injury in fact must be "concrete and . . . actual or imminent, not conjectural or

hypothetical."   *Lujan*, 504 U.S. at 560 (quotations and quoted case omitted).   Moreover, "the

injury must affect the plaintiff in a personal and individual way."   *Id.* n. 1.   "At a minimum,

Article III requires a party invoking federal jurisdiction to show that he has personally suffered

some actual injury or is in immediate danger of sustaining some direct injury in fact as a result of

the allegedly illegal conduct of the defendant."   *See Ass'n for Disabled Americans, Inc. v.*

*7-Eleven, Inc.*, No. 3-01-CV-0230-H, 2002 WL 546478, *2 (N.D. Tex. Apr. 10, 2002) (*citing*

*Lujan*, 504 U.S. at 560-61).   In the context of an ADA action, a disabled plaintiff only has

standing to assert those claims related to *his* disability.   *Id.*

---

2  Like the ADA, the Texas statute guarantees that "[p]ersons with disabilities have the same right as the able-bodied
to the full use and enjoyment of any public facility in the state."   Tex. Hum. Res. Code Ann. §121.003(a) (Vernon
2003).

Here, Plaintiff alleges that he has "encountered architectural barriers" at Defendant's store

that prevent him from "enjoy[ing] the goods and services [offered] to the public."   (Doc. 8 at 3.)

These barriers include deficiencies in the restrooms, aisles and passageways, signage, and reserved

parking spaces.   (*Id.* at 6; Doc. 7, ans. 5.)   However, Plaintiff does not suffer from any kind of

*physical* disability.   Rather, he has a *psychological* anxiety disorder, which he describes as

"individual fears that he will act in a way (or anxiety symptoms) that will be humiliating or

embarrassing."   (Doc. 14, ans. 1.)   When asked to explain how his psychological anxiety

disorder prevents him from participating in or benefitting from the goods, services, facilities,

privileges, advantages, or accommodations provided by Defendant, Plaintiff responded:

> Because of the Plaintiffs affiliation with the Texas Association of
> Disabled Persons -- a disability rights organization -- Defendant's
> failure to provide accommodations . . . [to remove structural barriers] has
> caused, and will continue to cause Plaintiff to fear a feeling of
> embarrassment, humiliation, and judgment while visiting the
> property.   Unless the described accommodations are provided,
> Plaintiff fears that patronizing or visiting Defendant's place of public
> accommodation will . . . subjecting him to feelings of embarrassment, humiliation,
> and judgment because it [is] probable that patronizing and or visiting the
> property will damage Plaintiff's reputation as a disability rights advocate.
> Such a fear of feeling embarrassment, humiliation, and judgment has
> and will continue to aggravate the Plaintiffs disability while visiting
> the property, causing him to be unable to participate in or benefit
> from the goods, services, and facilities provided by the Defendant,
> <u>without experiencing</u> -- due to his condition -- <u>problems</u>
> concentrating, reading, speaking, communicating, learning, thinking,
> and or interacting with others at Defendant's place of public
> accommodation.

*Id.* (emphasis in original).

The Court rejects this thinly-disguised attempt to circumvent the "direct injury"

requirement necessary to establish Article III standing.   It is clear that none of the architectural

barriers identified by Plaintiff in his complaint and answers to the questionnaire prevent him from

participating in or benefitting from the goods and services offered by Defendant on account of his

psychological anxiety disorder.   Consequently, Plaintiff lacks standing to sue for disability

discrimination under the ADA and Texas law, and his complaint should be dismissed without

prejudice for lack of jurisdiction.   *See Duffee v. MH.S. Enterprises, Inc.*, 3:11-CV-2103-B (N.D.

Tex. Oct. 17, 2011) (dismissing similar disability discrimination complaint for want of jurisdiction

because of lack of standing), *appeal pending,* No. 11-11014.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the *Amended Complaint* be

**DISMISSED** without prejudice for lack of subject matter jurisdiction.   *See* FED. R. CIV. P.

12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action.").

SIGNED October 27, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.   Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE